■ CHEMICAL BANK, Appellant, v COLUMBIA ASPHALT CORP., et al., Respondents, et al., Defendants.—In an action, *inter alia,* to foreclose a mortgage, plaintiff appeals from (1) an order of the Supreme Court, Queens County, dated January 2, 1979, which denied its motion to (a) direct the Sheriff of the City of New York to put the plaintiff in possession of certain real property located in Queens County and (b) hold the Willets Point Contracting Corp. and two of its officers in contempt, (2) so much of a further order of the same court, entered March 8, 1979, as, upon granting plaintiff's motion for "renewal and reargument", which was treated by the court as a motion to reargue, adhered to its original determination. Appeal from order dated January 2, 1979 dismissed as academic. It was superseded by the order entered March 8, 1979, upon reargument. Order entered March 8, 1979, modified by adding after the words "the original decision is adhered to" the following: "except that the order dated January 2, 1979 is modified to the extent that the branch of the plaintiff's motion which was to direct the Sheriff to put the plaintiff in possession of the real property in question is granted and that the denial of the other branch of the motion, to hold certain parties in contempt, is without prejudice to renewal". As so modified, order affirmed insofar as appealed from. Plaintiff is awarded one bill of $50 costs and disbursements. The lease between defendant Tully & DiNapoli, Inc., as lessor, and Willets Point Contracting Corp., as lessee, was made after the filing of the notice of pendency of the mortgage foreclosure action brought by the plaintiff. As the lease is for a term of six years, it is a conveyance of real property under subdivision 3 of section 290 of the Real Property Law, and therefore subject to the rights of the plaintiff, the purchaser of the property in question at a foreclosure sale (see CPLR 6501; Real Property Actions and Proceedings Law, §§ 221, 1353, subd 3). Upon receipt of the referee's deed the plaintiff was accordingly entitled to possession of the premises. If the lessee and its officers do not yield possession, the plaintiff may renew its application to hold them in contempt. Mollen, P. J., Hopkins, Titone, O'Connor and Shapiro, JJ., concur.